Reese, J.
delivered the opinion of the court.
The defendant is indicted as accessary, before the fact, of James M. Tatum and Newton Pybass, for the burning of a building called Mount Pleasant Meeting House, under the 12th section of the Penitentiary Code. The form of the indictment is according to the mode of proceeding at common law in the prosecution of an accessary. After the cause had been pending for a considerable time in the Circuit Court, the defendant moved that he should not be put upon his trial, before the trial and conviction of the principals, or of one of them indicted with him. This motion was sustained, and the court ordered his discharge, and from this the State has prosecuted an appeal in error to this court. The general question involved in this case was fully discussed and conclusively determined at the last Nashville term, in the case of Whitehead against the State, to which, and to the authorities upon which that judgment was based, we refer. But it is argued, on behalf of the State, that the offence charged in this indictment was at common law a misdemeanor only; that the felony is created by the statute, and that the terms of the statute constitute the charge against the defendant a distinct and substantive felony. If this were so, still the defendant is indicted as an accessary according to the forms of the common law, and not for a distinct and substantive felony. But it is not so. The offence as created by the statute is in its nature accessorial only, and the term used to create it, “procure,” is appropriate to designate, according to law, the accessary. The proposition is maintainable neither by reason or by authority, that when the offence has been at common *444 law a misdemeanor, and has been by statute created a felony, and the relation of accessary has also been constituted, that the accessary may, without his consent, be put on trial with or before his principal. Every reason which exists for the trial and conviction of the..principal in a common law felony before the, accessary should be put upon his trial, applies with equal force to the case of principal and accessary in a statutory felony. To give the government the right, in either case, to put the acces-sary upon his triál without his consent, with or before his principal, the legislature must interpose and expressly change the rule of the common law. The Circuit Judge, therefore, was right in refusing to order the defendant to be put on his trial in this case. As to the propriety of ordering his discharge, we have some doubt; but as it was done in the exercise of a legal discretion properly and necessarily confided ■ to the Circuit Judge, we do not feel called upon by the circumstances of this case, as shown upon the record, to determine that such discretion was exercised contrary to law.
Let the judgment be affirmed.